UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:
ROY VICTOR CHASE and
ELIZABETH PATRICIA CHASE

Debtor(s).

Chapter 13
Case No

CHAPTER 13 PLAN

INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS

**CHAPTER 13 PLAN:** This Chapter 13 Plan dated January 17, 2014, supersedes all previously filed plans.

**NOTICE TO CREDITORS:** THIS PLAN MAY MODIFY YOUR RIGHTS. If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506:**
■ This plan contains a motion for valuation of *real property* collateral and determination of secured status under 11 U.S.C. § 506.
☐ The debtor is requesting a valuation of *personal property* collateral and determination of secured status under 11 U.S.C. § 506 by separate motion. List status of motion here (*i.e.* date filed, date granted, to be filed contemporaneously, etc.)

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506** (See Part IV of the plan for additional detail)

| Creditor | Description of Collateral (per L.B.R. 3012-1) |
|---|---|
| Americredit Financial Services, Inc. | 2009 Honda CRV |
| Regional Acceptance Corporation | 2007 Dodge Durango |

**I. BACKGROUND INFORMATION**

A. Prior bankruptcies pending within one year of the petition date for this case: **None**

B. The debtor(s): [X] is eligible for a discharge, or
[ ] is not eligible for a discharge and is not seeking a discharge.

C. Prior state of domicile: within 730 days Colorado
within 910 days Colorado

D. The debtor owes or anticipates owing a Domestic Support Obligation as defined in [X] Colorado or [ ] federal exemptions.
Notice will/should be provided to these parties in interest: **None**
1. Parent 2. Government 3. Assignee or other

E. The debtor [ ] has provided the Trustee with the phone number of the Domestic Support Obligation recipient or [ ] cannot provide the phone number because it is not available.

F. The current monthly income of the debtor, as reported on Form 22C is [ ] below [ ] equal to or [X] above the applicable median income.

---

**II. PLAN ANALYSIS**

**A. TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**
1. Total Priority Claims (Class One)
   a. Unpaid Priority claims ................................................. $ 3,150.00
   b. Unpaid attorney's fees:
      Total attorney fees are estimated to be $4,000 of which $850 has been prepaid
      Unpaid attorney fees are estimated to be ......................... $ 200.00
   c. Total Taxes .................................................................. $19,215.00
      Federal: $17,104.00; State: $2,111.00
   d. Other: (None). ............................................................ $ 0.00
2. Total of payments to cure defaults (Class Two)................... $ 0.00
3. Total of payments on secured claims (Class Three)............. $15,428.00
4. Total of payments on secured claims (Class Four).............. $35,708.00
5. Sub-total ................................................................... $35,708.00
6. Total trustee's compensation (10% of payments)................ $73,701.00
7. Total debt and administrative expenses ............................ $81,072.00

**B. RECONCILIATION WITH CHAPTER 7** — VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN
1. Assets available to Class Four unsecured creditors if Chap 7 filed
   a. Value of debtor's interest in non-exempt property............ $ 21.00

| Property | FMV | less Costs of Sale | less Liens | X Debtor's Interest | less Exemption | Net Value |
|---|---|---|---|---|---|---|
| Cash & Bank Accounts | 84 | | | 63 | | 21 |

   b. Plus value of property recoverable under avoiding powers ...... $ 0.00
   c. Less: estimated Chap 7 administrative expenses................... $ 0.00
   d. Less: amounts payable to priority creditors other than costs of administration.... $19,215.00
   e. Equals: estimated amount payable to Class Four creditors if Chap 7 filed......... $ 0.00
      (0 if negative)
2. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan
   plus any funds recovered from "Other Property" described in Section III.A.3 below.... $35,708.00

---

**III. PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE**
A. The Debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the plan, including:
1. Future earnings of $1,352.00 per month which shall be paid to the trustee for a period of approximately 60 months, beginning **February 16, 2014.**

| | Amount | Number of Months | Total |
|---|---|---|---|
| | 1,352 | 60 | 81,120 |
| One time payment & date | | N/A | |

2. Amounts for the payment of Class Five post-petition claims: included in above.......... $ 0.00
3. Other property: **None.**

*AT THE TIME THE FINAL PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(A) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. § 1328(g)(1).*

B. Debtor agrees to make payments under the Plan as follows:
[X] DIRECT PAYMENT: From Debtor to Trustee OR
[ ] VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS

CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.

**A. CLASS ONE** - Claims entitled to priority under 11 U.S.C. §507. Unless other provision is made in paragraph V(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that payments to Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

1. Allowed administrative expenses
   a. Trustee's compensation (10% of amounts paid by debtor under this Plan) .......... $ 7,371.00
   b. Attorneys fees (estimated & subject to allowance) .......... $ 3,150.00
   c. Attorneys costs (estimated & subject to allowance) .......... $ 200.00

2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. §507
   a. Domestic Support Obligations. A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.

Priority support arrearage: Debtor owes past due support to n/a in the total amount of $0.00 that will be paid as follows:
   [ ] Distributed by Trustee pursuant to the terms of the Plan; or
   [ ] Debtor is making monthly payments via a wage order ( ) or directly ( ) (reflected on Schedule I or J) in the amount of $0.00 to n/a. Of that monthly amount, $0.00 is for current support payments and $0.00 is to pay the arrearage.

Other: For the duration of the plan, the debtor shall submit to the Court and Trustee an update of the required information regarding Domestic Support Obligations, and the status of required payments.

   b. Federal Taxes .......... $17,104.00*
   c. State Taxes .......... $ 2,111.00*
   d. Other Taxes (describe) .......... $ 0.00
   e. Other Class One Claim (if any)(describe) .......... $ 0.00
   [ X ] None.

\* Plan amount that exceeds claim amount shall "drop down" and be paid to Class Four claims.

**B. CLASS TWO - Defaults**

1. Class Two A - Claims set forth below are secured only by an interest in real property that is the Debtor's principal residence located at n/a. Defaults shall be cured and regular payments shall be made.

| Creditor | Total Amount to be Cured | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payments Directly to Creditor Per Month to be Made and Date of First Payment |
|---|---|---|---|---|---|---|
| None | | | | | | |

2. Class Two B - Pursuant to 11 U.S.C. §1322(b)(5), secured (other than claims secured only by an interest in real property that is the Debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the plan is due. Defaults shall be cured and regular payments shall be made.

| Creditor | Collateral | Total Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payments per Month to be Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|---|---|
| None | | | | | | |

3. Class Two C - Executory contracts and unexpired leases. Executory contracts and unexpired leases are rejected, except the following which are assumed:

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|
| None | | | | |

IN THE EVENT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM OR CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN. FAILING WHICH THE CLAIM MAY BE BARRED.

**C. CLASS THREE** - All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. §506 shall or shall not apply as follows:

1. Secured claims subject to 11 U.S.C. §506 (Real Property): The debtor moves the court, through this Chapter 13 plan, for a valuation of collateral and determination motion for valuation of secured status under 11 U.S.C. §506 regarding the personal property and claims below. The following creditors shall retain the liens securing their claims until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law, and they shall be paid the amount specified which represents the lesser of:

   a. The following creditors shall be paid the value of their interest in collateral (approximately 19 months to pay). Any remaining portion of the allowed claim shall be treated as an unsecured claim.

| Name of Creditor | Description of Collateral (per I.B.R. 3012-1) | Amount of Debt as Scheduled | Proof of Claim amount, if any |
|---|---|---|---|
| None | | | |

2. Secured claims subject to 11 U.S.C. §506 (Personal Property): The debtor moves the court, through this Chapter 13 plan, for a valuation of collateral and determination motion for valuation of secured status under 11 U.S.C. §506 regarding the personal property and claims below. The following creditors shall retain the liens securing their claims until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law, and they shall be paid the amount specified which represents the lesser of:

   a. The following creditors shall be paid the value of their interest in collateral (approximately 19 months to pay). Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Confirmation Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|
| Americredit Financial Services | 2009 Honda CRV | 8,550.00 | 15,472.19 | 11% | 180.00 | 9,355.00 |
| Regional Acceptance Corporation | 2007 Dodge Durango | 5,550.00 | 10,033.09 | 11% | 120.00 | 6,073.00 |

   b. The following creditors shall be paid the remaining balance payable on the debt over the period required to pay the sum in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|
| None | | | | | | |

If adequate protection payments are indicated, such payments will be made by the trustee to the creditors indicated above until such time that superior class creditors are paid in full. Any adequate protection payments made will be subtracted from the total amount payable. Unless otherwise provided, adequate protection payments will accrue from the date of filing but will not be made until the creditor has filed a proof of claim.

3. Secured claims to which 11 U.S.C. §506 shall not apply (personal property). The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Description of Collateral | Amount Due as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| WorldMark, The Club | Vacation credits with Wyndham Resort Development Corp | | | |

a. [ ] Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim to take into account the surrender of the property.

4. Property being surrendered: The Debtor surrenders the following property securing an allowed claim to the holder of such claim:

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|
| None | | |

*IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF A SECURED CREDITOR IN CLASS TWO AND/OR THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED.R.BANKR.P. 9014 AND 7004*

D. Class Four - Allowed unsecured claims not otherwise referred to in the Plan. Class Four claims are provided for in an amount not less than the greater of:

1. The amount necessary to meet the best interest of creditors pursuant to U.S.C §1325(a)(4) as set forth in Part III; or

2. Total disposable income for the applicable commitment period defined by 11 U.S.C. §1325(b)(1)-(4). The monthly disposable income of $595.13 has been calculated on Form B22C. Total disposable income of $35,707.80 which is the product of monthly disposable income of $595.13 times the applicable period of 60 months.

a. [X] Class Four claims are of one class, and shall be a paid pro rata portion of all funds remaining after payment by the Trustee of all prior classes; or

b. [ ] Class Four claims are divided into no more than one class as follows:

E. Class Five (if none, indicate) - Post-petition claims allowed under 11 U.S.C. §1305. Post-petition claims allowed under §1305 shall be paid as follows: None.

OTHER PROVISIONS
A. Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment | No. of Months to Payoff |
|---|---|---|---|
| 457 Retirement Account Loan | 457 retirement account | 147.00 | 52 |

B. The effective date of this Plan shall be the date of entry of the Order of Confirmation.
1. [ ] Order of Distribution:
i. [ ] The amounts to be paid to the Class One creditors shall be paid in full, except the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to the Class Two A, Two B and Two C creditors shall be paid in full before distributions to the Class Three, Four and Five creditors. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Two B and Two C creditors shall be paid in full before distributions to creditors in classes Three, Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV

2. [X] Distributions to classes of creditors shall be in accordance with the order set forth above, except: Priority tax claims shall be subordinated and paid after Class Three claims have been paid in full.

D. Motions to Void Liens under 11 U.S.C. §522(f). In accordance with Fed.R.Bankr.P. 4003(d), Debtor intends to file, or have filed by separate motion served in accordance with Fed.R.Bankr.P. 7004, a motion to void lien pursuant to 11 U.S.C. §522(f) as to secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| None | | | |

E. Student Loans:
[ ] No student loans
[X] Student loans are to be treated as an unsecured Class Four claim or as follows: Debtor(s) shall NOT pay school loan lenders directly during the Plan. School loan lenders, however, may share in pro rata distributions to Class Four claims.

F. Restitution:
[X] No restitution owed.
[ ] Debtor owes restitution in the total amount of $0.00 which is paid directly to n/a in the amount of $0.00 per month for a period of 0 months.
[ ] Debtor owes restitution to be paid as follows:

G. OTHER: None

VI. REVESTMENT OF PROPERTY IN DEBTOR
All property of the estate shall vest in the debtor(s) at the time of confirmation of this Plan.

VII. INSURANCE
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [X] will not [ ] be obtained and kept in force throughout the period of the Plan.

| Insured to Whom This Applies | Collateral Covered | Coverage Amount | Insurance Co., Policy No. and Agent Name, Address, Phone No. |
|---|---|---|---|
| GM Financial/Americredit | 2009 Dodge Durango | Full | State Farm Ins. Co. |
| Regional Acceptance Corporation | 2007 Dodge Durango | Full | State Farm Ins. Co. |

[X] Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

VIII. POST-CONFIRMATION MODIFICATION
The debtor shall file and serve upon all parties in interest a modified plan that will provide for allowed priority and allowed secured claims that were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. §1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated:

John A. McLaughlin, Jr. P.C.
John A. McLaughlin, Jr #11477
210 N. Corona Street
Colorado Springs, CO 80903
Telephone (719) 633-1333
Facsimile: (719) 520-0852
E-mail: erlaw@earthlink.net
Attorney for Debtor(s)

Debtor, Roy V. Chase

Debtor, Elizabeth P. Chase